UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DRUG AND VIOLENCE PREVENTION PARTNERS, INC., | § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3: 04-CV-1624-B ECF |
| FESTIVALS & MORE, INC. d/b/a BEST WAY PROMOTIONS, | § § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Extend Discovery Deadlines and Continue Trial Date (doc. 61), filed March 31, 2006, in which Plaintiff requests a four month extension of the remaining deadlines in the case. After review of the pleadings, the Court **DENIES** Plaintiff's Motion. The Court also **DENIES** Plaintiff's Motion to Request Oral Hearing (doc. 66), filed April 5, 2006.

Plaintiff Drug and Violence Prevention Partners, Inc. filed this suit against Festivals & More, Inc. on July 27, 2004, bringing claims of copyright infringement and breach of contract. Following a Motion to Dismiss by Defendant, the parties reached an agreement that would permit Plaintiff to refile its Complaint using Plaintiff's correct name. Plaintiff filed its First Amended Complaint on April 11, 2005 and added claims for Lanham Act and Texas Deceptive Trade Practices Act violations. Defendant filed a partial Motion to Dismiss, asking the Court to dismiss all of Plaintiff's claims except the copyright infringement. The Court denied Defendant's Motion at a hearing on

February 16, 2006.

The Court entered the current scheduling order on October 6, 2005 after receiving input from both parties at a status conference. The Court set the discovery deadline for May 15, 2006 and trial for September 5, 2006. By its current Motion, Plaintiff seeks a four month extension of those deadlines because it did not wish to engage in discovery while the Motion to Dismiss was pending, and now has insufficient time to complete its discovery.

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "shall not be modified except upon a showing of good cause…." "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Dallas*, 2004 WL 1243151, at * 2 (N.D. Tex. June 4, 2004). A party's mere inadvertence to meet a deadline imposed by a scheduling order, and the absence of prejudice to the opposing side, are insufficient to establish good cause. Rather, one must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)).

Plaintiff's explanation for its failure to conduct any discovery until after the Court ruled on its Motion to Dismiss is that it did not wish to cause the parties to spend money on a case that might be dismissed. (Pl. Mot. p. 3) Defendant's Motion, however, was only for a *partial* dismissal. Regardless of the Court's ruling, Plaintiff's case would not have been dismissed in its entirety because Defendant did not seek dismissal of Plaintiff's copyright claim. Further, all of Plaintiff's claims have the same factual underpinnings, so discovery on the copyright claim could easily have been used to support Plaintiff's other claims as well. Therefore, Plaintiff's delay in conducting any discovery since the inception of this case does not demonstrate good cause sufficient to modify the scheduling order.

Plaintiff has known since October 2005 that the discovery deadline in this case was May 15, 2006. Plaintiff has not demonstrated that it diligently sought to meet that deadline[1], nor is its explanation for its failure to do so sufficient to demonstrate good cause. Plaintiff brought this suit against Defendant over a year and a half ago and must be prepared to pursue its claims. Therefore, the Court **DENIES** Plaintiff's Motion to Extend Discovery Deadlines and Continue Trial Date. Because the Court has determined that no oral argument is necessary on this Motion, the Court also **DENIES** Plaintiff's Motion to Request Oral Hearing.

**SO ORDERED**.

**SIGNED April   5th  , 2006**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Defendant points out in its response to this Motion that Plaintiff did not send it any written discovery until March 30, 2006 - a month and a half after the Court ruled on the Motion to Dismiss and one day before Plaintiff filed this Motion. (Def. Resp. p. 5)